IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

THE STATE OF NEW MEXICO on behalf of the
NEW MEXICO NATURAL RESOURCES
TRUSTEE AND NEW MEXICO OFFICE
OF NATURAL RESOURCES TRUSTEE, THE
NAVAJO NATION, AND THE ZUNI TRIBE

Plaintiffs,

      v.                                Civil Action No. _____

THE UNITED STATES and the
UNITED STATES ARMY,

Defendants

---

## COMPLAINT

The State of New Mexico, on behalf of the New Mexico Natural Resources Trustee and New Mexico Office of Natural Resources Trustee; the Navajo Nation; and the Zuni Tribe (collectively, "the Plaintiffs") file this complaint[1] and allege as follows:

### NATURE OF ACTION

1. This is a civil action under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), to recover from Defendant the United States ("Defendant") damages for injury to, destruction of, or loss of

---

[1] Plaintiffs and Defendants have signed a proposed consent decree that, if entered by the Court, will constitute a final judgment and settlement of this Complaint in accordance with the terms of the proposed consent decree. Before the Court may consider entry of the proposed consent decree, it will go through public notice and comment for at least 30 days, as described in the notice of lodging that the Parties will submit to the Court.

natural resources, including lost ecological services, resulting from releases and the threat releases of hazardous substances at and/or from the Fort Wingate Depot Activity ("the Site") in McKinley County, New Mexico, including the unreimbursed, reasonable costs incurred by the Plaintiffs in assessing such damages.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345; Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9b07 and 9613(b). The Court also has personal jurisdiction over the Parties.

3. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b); and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) inasmuch as it is the federal judicial district in which the Defendant may be found and the discharge has occurred, and in which the affected natural resources are located.

## PLAINTIFFS

4. The New Mexico Natural Resources Trustee ("Trustee") has been designated by the Governor of the State to act on behalf of the public as trustee for natural resources belonging to, managed by, controlled by, or appertaining to the State, pursuant to provisions of federal law. NMSA 1978, § 75-7-2 (A) (2007). The Office of Natural Resources Trustee ("ONRT") is the State agency headed by the Trustee. NMSA 1978 § 75-7-2 (B) (2007). The New Mexico Attorney General is the legal representative of the Trustee and ONRT pursuant to NMSA 1978 Section 75-7-3(B)(3) (2004), and is authorized to prosecute in any court all actions and proceedings, civil or criminal, in which the state

may be a party or interested when, in his judgment, the interest of the state requires such action. NMSA 1978 § 8-5-2.

5. The Navajo Nation is a federally-recognized Indian tribe with natural resource damages authority pursuant to CERCLA § 107(f), 42 U.S.C. § 9607 (f), with trust and allotment lands adjacent to the facility and historical claims to lands included in the site.

6. The Zuni Tribe is a federally-recognized Indian tribe with natural resource damages authority under CERCLA § 107(f), 42 U.S.C. § 9607 (f), with territory adjacent to the facility and historical claims to lands included in the Site.

## Defendant

7. The United States Army is a Department of the United States of America and is the owner and operator of the Site.

## STATUTORY AUTHORITY

8. Section 107(a) of CERCLA provides in pertinent part as follows:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in section (b) of this section –

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> * * *
>
> (4) ...from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> * * *

    (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

### GENERAL ALLEGATIONS

9. The Site, located in McKinley County, New Mexico, is an inactive U.S. Army depot whose former mission was to store, ship, and receive material and to dispose of obsolete or deteriorated explosives and military munitions. In 1993 its active mission ceased and the installation was closed. Prior to closure the Site comprised approximately 22,120 acres.

10. The Site is a "facility," as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). The Site includes an approximately 7,400 acre magazine or "Igloo" area consisting of 732 earth-covered igloos and 241 earthen revetments previously used for storage of munitions; Open Burn/Open Detonation areas; a 700 acre industrial area containing former ammunition maintenance and renovation facilities, an 800 acre administration area containing offices, housing, warehouses, and other structures; and approximately 7,400 acres of buffer zones.

11. Activities at the Site resulted in the release of hazardous substances, including lead, arsenic, other metals, volatile organic compounds, polychlorinated biphenyls (PCBS), explosive compounds, and others.

12. Environmental cleanup of the Site is being conducted pursuant to a permit issued in by the New Mexico Environment Department pursuant to the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6921 et seq. The RCRA permit as issued covers one Hazardous Waste Management Unit and a total of 93 Solid Waste Management Units and Areas of Concern. The RCRA Permit was subsequently modified to add a Corrective

Action Management Unit for treating explosive waste. The Permit requires cleanup to residential risk-based standards.

13. As parcels are removed from the permit upon completion of cleanup, the Army will return them to the U.S. Department of Interior, which will then transfer them in trust to either the Zuni Tribe or the Navajo Nation, as appropriate.

14. The Plaintiffs conducted natural resource damage assessment activities at the Site pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), including habitat equivalency analysis for selected solid waste management units and areas of concern and for groundwater. Each of the Plaintiffs incurred assessment costs.

## CLAIM

(Natural Resources Damages under Section 107 of CERCLA)

15. Plaintiffs re-allege paragraphs 1 through 14.

16. Defendant owned and continues to own the Site, from which there have been and continue to be releases and threats of releases of hazardous substances into the environment within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

17. Defendant operated the Site, from which there have been and continue to be releases and threats of a release of hazardous substances into the environment within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

18. The releases and threats of releases of hazardous substances into the environment from a facility owned and/or operated by Defendant has caused and continues to cause injury to, destruction of, and loss of natural resources, within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

19. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to Plaintiffs for damages for injury to, destruction of, and loss of natural resources caused by releases and threats of releases of hazardous substances from the Site into the environment, including the loss of use of such resources; costs of restoration, replacement, or acquisition of equivalent resources; and the Plaintiffs' costs of assessing such injury and damage.

20. Under Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), Defendant is jointly and severally liable to the Plaintiffs in any subsequent action or actions to recover further damages.

## PRAYER FOR RELIEF

Plaintiffs request that this Court enter judgment against Defendant and:

(1) Order Defendant to pay to Plaintiffs' damages for the injury to, destruction of, and loss of natural resources, within the trusteeship of the Plaintiffs, caused by releases and the threat of releases of hazardous substances into the environment at and from the Site and adjacent areas;

(2) Order Defendant to reimburse Plaintiffs for costs they have incurred in their assessment of the injury to natural resources and damages for such injury caused by releases and the threat of releases of hazardous substances into the environment at and from the Site and adjacent areas;

(3) Order Defendant to pay Plaintiffs for future costs they will incur in overseeing and monitoring restoration work necessary to compensate for injury caused by the releases and threat of releases of hazardous substances into the environment at and from the Site and adjacent areas; and

(4) Award Plaintiffs such other and further relief as this Court may deem just and proper, including preserving any other claims of plaintiffs related to the Site.

FOR THE NEW MEXICO NATURAL
RESOURCES TRUSTEE

*/s/ William Grantham*
William Grantham
Assistant Attorney General
Consumer & Environmental Protection Div.
New Mexico Office of the Attorney General
201 Third Street NW, Suite 300

Albuquerque, NM 87102
Tel: (505) 717-3520
wgrantham@nmag.gov

*Counsel for the Natural Resources Trustee*

FOR THE NAVAJO NATION

*/s/ Doreen N. McPaul*
Doreen N. McPaul
Attorney General
Navajo Nation Department of Justice
P.O. Box 2010
Window Rock, AZ 86515
dmcpaul@nndoj.org
 (928) 871-6343

*Counsel for the Navajo Nation*


FOR ZUNI TRIBE

*/s/ David C. Mielke*
David C. Mielke
Sonosky, Chambers, Sachse,
Mielke & Brownell, LLP
500 Marquette Avenue, NW,
Suite 660
Albuquerque, NM 87102
Phone (505) 247-0147
Email dmielke@abqsonosky.com

*Counsel for Zuni Tribe*